### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY SWECKER and**<br>**BEVERLY SWECKER,** | |
| *Plaintiffs,* | |
| v. | **Case No. 1:21-cv-1590-RCL** |
| **FEDERAL ENERGY REGULATORY**<br>**COMMISSION,** | |
| *Defendant.* | |

## MEMORANDUM OPINION

Plaintiffs Gregory and Beverly Swecker ("the Sweckers") own and operate a wind turbine on their Iowa farm. The Sweckers brought this *pro se* action against the Federal Energy Regulatory Commission ("FERC")[1] under the Administrative Procedure Act ("APA"), Pub. L. No. 79–404, 60 Stat. 237 (1946) (codified at 5 U.S.C. § 701), and the Public Utility Regulatory Policies Act of 1978 ("PURPA"), Pub. L. No. 95–617, 92 Stat. 3117 (codified at 16 U.S.C. § 824a-3). PURPA limits the price that electric utilities may pay for the electricity, such that it cannot exceed the utility's "avoided cost"—the price at which the electricity could be acquired from an alternative source. Utilities must provide data to their state regulator to calculate avoided cost. FERC may bring enforcement actions against utilities that fail to provide this data. The Sweckers allege that FERC has acted unlawfully by failing to bring such enforcement actions. FERC filed a motion to dismiss, arguing that its enforcement decisions are not subject to judicial review.

---

[1] The complaint states that "Plaintiffs bring this action against Midland, CIPCO, and FERC." Compl. ¶ 96. However, based on the stated facts and requested relief, it appears that FERC is the only intended defendant in the present case.

After considering the motion, the applicable law, and the parties' briefing, this Court will **GRANT** the defendant's motion and **DISMISS WITH PREJUDICE** the plaintiffs' lawsuit.

## I.    BACKGROUND

### A. PURPA

Congress enacted PURPA in part to promote the development of alternative energy resources. *See FERC v. Mississippi*, 456 U.S. 742, 745 (1982).   Understanding "traditional utilities' reluctance to deal with" alternative energy sources, Congress crafted PURPA to direct FERC to implement "mandatory purchase and sell obligations, requiring electric utilities to purchase electric power from, and sell power to, qualifying cogeneration and small power production facilities (collectively, 'qualifying facilities')." *Cal. Edison Co. v. FERC*, 443 F.3d 94, 95 (D.C. Cir. 2006) (citing 16 U.S.C. § 824a–3(a)).   The rates for these purchases shall not "exceed[] the incremental cost to the electric utility of alternative electric energy."   16 U.S.C. § 824a–3(b)(2).   These rates are commonly referred to as a utility's "avoided cost." *See Midland Power Co–op. v. FERC*, 774 F.3d 1, 3 (D.C. Cir. 2014).

FERC regulations provide that electric utilities must submit data to their state regulatory authority so that the "avoided cost" can be determined. *See* 18 C.F.R. § 292.302.   FERC may commence an enforcement action against "any State regulatory authority or nonregulated electric utility" to ensure compliance with PURPA and the rules promulgated thereunder. *See* 16 U.S.C. § 824a–3(h)(2)(A).   PURPA also provides that a qualifying facility may petition FERC to enforce these statutory and regulatory requirements. *See id.* at § 824a-3(h)(2)(B).   If FERC declines to commence an enforcement action, the qualifying facility may then "bring an action in the appropriate United States district court to require *such State regulatory authority or nonregulated electric utility* to comply with such requirements." *Id.* (emphasis added).

2

**B. The Sweckers' Previous Lawsuits**

The Sweckers' turbine, operated on their Iowa farm, Compl. ¶¶ 9, 52, ECF No. 1, has been a "qualifying facility" under PURPA since 1999. *Id.* at ¶ 54. Midland Power Cooperative ("Midland") is an electric utility in Greene County, Iowa. *Id.* at ¶ 56. Pursuant to PURPA, the Sweckers sell power from their wind turbine to Midland. *Id.* ¶ 55. Midland buys the rest of its electricity from Central Iowa Power Cooperative ("CIPCO"). *Id.* at ¶ 58. Under PURPA's definition of avoided cost, the amount that Midland must pay the Sweckers for electricity depends on the price at which Midland purchases its electricity from CIPCO. *Id.* ¶ 59.

The Sweckers have long disputed Midland's calculation of its avoided cost, asserting that the utility is required to purchase electricity from them at a higher price. The Sweckers' acrimonious relationship with Midland "has given rise to a number of heated disputes" resulting in "a veritable litany of lawsuits spanning the last two decades." *Swecker v. United States*, No. 4:17-cv-00195 (RWP), 2017 WL 11467834, at *1–*2 (S.D. Iowa, Nov. 28, 2017).

The Sweckers have repeatedly, and unsuccessfully, petitioned FERC to initiate an enforcement action against Midland.[2] The Sweckers have also initiated unsuccessful—or failed to defend themselves in—more than a dozen lawsuits related to their wind farm in both federal and state courts.[3]

---

[2] *See, e.g.*, *Swecker v. Midland Power Coop.*, 175 FERC ¶ 61,061, 2021 WL 1603289, *1 (Apr. 23, 2021); *Swecker v. Midland Power Coop.*, 155 FERC ¶ 61,237, 2016 WL 3167694, *1 (June 3, 2016); *Swecker v. Midland Power Coop.*, 149 FERC ¶ 61,236, 2014 WL 7205362, *1 (Dec. 18, 2014); *Swecker v. Midland Power Coop.*, 147 FERC ¶ 61,114, 2014 WL 1978994, *1 (May 15, 2014); *Swecker v. Midland Power Coop.*, 142 FERC ¶ 61,207, 2013 WL 1182419, *1 (Mar. 21, 2013); *Swecker v. Midland Power Coop.*, 136 FERC ¶ 61,085, 2011 WL 3417126, *1 (Aug. 5, 2011).

[3] *See, e.g.*, *Swecker v. FERC*, No. 20-1440, (D.C. Cir. Feb. 22, 2021), ECF No. 1886385; *Swecker v. Midland Power Coop.*, No. 18-1663, 2019 WL 3720879, *1 (Iowa Ct. App. Aug. 7, 2019); *Swecker*, 2017 WL 11467834, at *8, *aff'd sub nom. Swecker v. U.S. Dep't of Agric.*, 741 F. App'x. 349 (8th Cir. Nov. 1, 2018), *cert. denied*, 139 S. Ct. 2645 (May 28, 2019); *Swecker v. Midland Power Coop.*, 253 F. Supp. 3d 274 (D.D.C. 2017), *aff'd*, 743 F. App'x 472 (D.C. Cir. Dec. 3, 2018) (per curiam); *United States v. Swecker*, No. 4:09-cv-00013 (CRW) (SBJ) (S.D. Iowa Nov. 10, 2016), *aff'd*, 743 F. App'x 65, 66 (8th Cir. Nov. 20, 2018) (per curiam), *cert. denied* 139 S. Ct. 2756 (June 24, 2019); *Swecker v. Midland Power Coop.*, No. 4:13-cv-00250 (JEG), 2013 WL 11311233, *1 (S.D. Iowa Dec. 30, 2013),

### C. The Sweckers' Present Lawsuit

The Sweckers ask this Court to (1) order FERC to bring enforcement actions against

Midland and CIPCO for failing to provide cost rate data and (2) assess penalties for the utilities'

previous failure to provide such data.[4] Compl. ¶ 96. In response, FERC filed a motion to dismiss.

Def.'s Mot. to Dismiss, ECF No. 9. FERC argues that its decisions not to pursue enforcement

actions against Midland or CIPCO are not reviewable by this Court. *See* Defs.' Mem., ECF No. 9-

1, at 2. The Sweckers opposed. Pls.' Opp'n, ECF No. 10. FERC subsequently replied. Defs.'

Reply, ECF No. 13. FERC's motion is now ripe for review.

## II.   LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotations omitted). Though a complaint is not required to contain "detailed factual

allegations," it must present more than "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Id*. Taken together, the facts alleged in the complaint

must be sufficient to raise a plausible claim and to permit "the reasonable inference that the

---

*aff'd*, 807 F.3d 883 (8th Cir. 2015), *cert. denied*, 577 U.S. 1120 (Jan. 25, 2016); *Midland Power Co-op. v. Swecker*, No. 09-1218, 2010 WL 2598291, *2–3 (Iowa Ct. App. June 30, 2010); *Swecker v. FERC*, No. 06-1170 (D.C. Cir. May 7, 2007), ECF No. 1039008; *Swecker v. Veneman*, No. 4:04-cv-90415, 2005 WL 8157893, *1 (S.D. Iowa July 28, 2005), *aff'd sub nom. Swecker v. Johanns*, 214 F. App'x 625 (8th Cir. Jan. 29, 2007), *cert denied*, 552 U.S. 826 (Oct. 1, 2007); *Windway Techs., Inc. v. Midland Power Co-op.*, 696 N.W.2d 303 (Iowa 2005), *cert. denied sub nom. Swecker v. Midland Power Co-op.*, 552 U.S. 978 (Oct. 15, 2007); *Windway Techs. Inc. v. Midland Power Coop.*, No. 3:00-cv-03089 (MWB) (N.D. Iowa Mar. 5, 2001), ECF No. 14; *Swecker v. Midland Power Coop.*, No. FCU-99-3, 2000 WL 1471588, *1 (Iowa Utils. Bd. Aug. 25, 2000), *aff'd sub nom. Off. of Cons. Advoc. v. Iowa Utils. Bd.*, 656 N.W.2d 101 (Iowa 2003); *Swecker v. U.S. Dep't of Agric.*, No. 4:96-cv-80430 (CRW) (S.D. Iowa Jan. 2, 1997), ECF No. 13.

[4] The complaint also seeks "[r]eimbursement of the electric energy and capacity that Plaintiffs have already delivered at Midland's full incremental avoided costs rate." Compl. ¶ 96. Since FERC is the only defendant in this case, *see supra* n.1, the Court construes this request as one for money damages from FERC. The Court cannot grant this relief. FERC is a federal entity which "retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). The APA only waives sovereign immunity for actions "seeking relief other than money damages." *See Trudeau v. Federal Trade Comm'n*, 456 F. 178, 186 (D.C. Cir. 2006) (quoting 5 U.S.C. § 702).

defendant is liable for the misconduct alleged." *Id.* Because the Sweckers pursue their action *pro se*, the Court will construe their filings and complaint liberally. *See Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006).

### B. APA, 5 U.S.C. § 701(a)(2)

While the APA generally permits judicial review of agency actions, the APA expressly prohibits judicial review of "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "[A]n agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). "[When] an action is committed to the agency's discretion under APA § 701(a)(2)—as agency enforcement decisions are—there can be no judicial review for abuse of discretion, or otherwise." *Citizens for Resp. & Ethics in Wash. v. FEC*, 892 F.3d 434, 441 (D.C. Cir. 2018). When "a complaint seeking review of agency action 'committed to agency discretion by law,' 5 U.S.C. § 701(a)(2), has failed to state a claim under the APA, [it] therefore should be dismissed under Rule 12(b)(6)." *Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011).

### III.   DISCUSSION

The Circuit already held that FERC's decision not to bring enforcement actions under PURPA is unreviewable because the decision is committed to FERC's discretion by law. *Swecker*, 743 F. App'x at 473. As the Circuit has previously explained, there is a general presumption against reviewability of agency enforcement decisions, a presumption may be overcome in three narrow situations: (1) where "the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers"; (2) where the agency refuses "to institute proceedings based solely on the belief that it lacks jurisdiction"; and (3) where the agency "has consciously and expressly adopted a general policy that is so extreme as to amount to an abdication of its statutory responsibilities." *Balt. Gas & Elec. Co. v. FERC*, 252 F.3d 456, 460 (D.C. Cir.

2001) (quoting *Chaney*, 470 U.S. at 833 & n.4)).  The last time the Sweckers sought to compel

FERC to bring a PURPA enforcement action against Midland, the district court held that the

Sweckers "ha[d] failed to overcome the presumption that FERC's decision not to commence an

enforcement action is unreviewable." *Swecker*, 253 F. Supp. 3d at 280.  The Circuit affirmed on

appeal, agreeing that "[t]he presumption against judicial review has not been rebutted in this case."

*Swecker*, 743 F. App'x at 473.

The Circuit went even further in that case, saying that the Sweckers "ha[d] not persuaded

the court to read an implied cause of action against [FERC] into the self-contained regulatory and

enforcement system established by Congress in 16 U.S.C. § 824a-3." *Id.* (citing *Alexander v.

Sandoval*, 532 U.S. 275, 286 (2001) and *Niagara Mohawk Power Corp. v. FERC*, 117 F.3d 1485,

1488 (D.C. Cir. 1997)).  Thus, according to the Circuit, the Sweckers' "complaint as to [FERC]

was subject to dismissal for failure to state a claim, pursuant to Federal Rule of Civil Procedure

12(b)(6)." *Id.* (citing *Sierra Club*, 648 F.3d at 854).

The Sweckers insist that the Circuit changed its tune last year and "found that this Court

has subject matter jurisdiction with review of such orders [as FERC's non-enforcement

determination]." Compl. ¶ 1.  The case the Sweckers reference involved their petition to the Circuit

after FERC—yet again—declined to bring an enforcement action against Midland. *See Swecker*,

No. 20-1440 (D.C. Cir. Feb. 22, 2021), ECF No. 1886385.  The Circuit determined it did not have

jurisdiction to hear the appeal, noting that the "challenged orders, which were not 'mandatory,'"

and thus "not directly reviewable [by the Circuit] under 16 U.S.C. § 824a-3(h)." *Id.* (quoting

*Portland Gen. Elec. Co. v. FERC*, 854 F.3d 692, 700–01 (D.C. Cir. 2017)).  The Circuit explained

that the Sweckers' "only remedy under PURPA is to petition [FERC] to initiate an enforcement

action, and, should [FERC] decline to do so, [the Sweckers] may file an enforcement action in

district court." *Id.* (citing *Portland Gen. Elec. Co.*, 854 F.3d at 700 and 16 U.S.C. § 824a-3(h)(2)(B)).  The Sweckers interpreted this language as the Circuit's directive to them to sue FERC in this Court.  But under the statute, the Sweckers may "bring an action in the appropriate United States district court to require such *State regulatory authority or nonregulated electric utility* to comply with such requirements." 16 U.S.C. § 824a-3(h)(2)(B) (emphasis added).  FERC is not a state regulatory authority or nonregulated electric utility.  Thus, PURPA does not permit the Sweckers to hale FERC into court. *See Indus. Cogenerators v. FERC*, 47 F.3d 1231, 1232 (D.C. Cir. 1995).

This Court is bound by Circuit precedent holding that FERC's PURPA enforcement decisions are unreviewable and, even if it were not, the Sweckers do not advance any new arguments persuading this Court to hold differently.  The Sweckers insist that "FERC has the non-discretionary responsibility to impose penalties" and, because "FERC has failed to implement PURPA against Midland and CIPCO for non-compliance" with their statutory requirements, FERC has ignored PURPA's directive. *See* Pls.' Opp'n at 7.  However, the Sweckers' argument is belied by the plain text of the statute, which states that FERC "may" bring an enforcement action. 16 U.S.C. § 824a-3(h)(2)(A).  Because FERC has the option—and is by no means required—to bring an enforcement action under PURPA, FERC's enforcement responsibility is decidedly discretionary and therefore not subject to judicial review. *See Ass'n of Irritated Residents v. EPA*, 494 F.3d 1027, 1032 (D.C. Cir. 2007).  The Sweckers also seek to relitigate the Circuit's determination that there are no standards to apply to FERC's enforcement decision. *See* Pls.' Opp'n at 8–9.  Yet, as FERC correctly notes, the Sweckers do not "point to any source of legal authority that would give the Court a meaningful standard against which to determine when the [FERC] has failed to properly exercise or otherwise abused its discretion to not initiate an

enforcement action." Def.'s Reply at 3.  Nor could they, as PURPA is "utterly silent on the manner in which [FERC] is to proceed against a particular transgressor." *See Sec'y of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 158 (D.C. Cir. 2006).

## IV.     CONCLUSION

Even construing the Sweckers' *pro se* complaint liberally, the Sweckers have failed to state a claim upon which relief may be granted. *Howerton*, 466 F. Supp. 2d at 183.  Therefore, this Court will **GRANT** the defendant's motion to dismiss and **DISMISS WITH PREJUDICE** the plaintiffs' lawsuit.  A separate Order consistent with this Memorandum Opinion shall issue this date.

Date: September **26**, 2022

Royce C. Lamberth
United States District Judge